UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| EVA M. RHODES, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:10-cv-826 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ADVANCED PROPERTY MANAGEMENT | : | JULY 26, 2011 |
| INC., AND CHURCHILL BRIDGE | : | |
| ASSOCIATION, INC., | : | |
| Defendants. | : | |

**RULING RE: PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTION (DOC. NO. 102) AND MOTION TO SET ASIDE JUDGMENT (DOC. NO. 109)**

Eva Rhodes, pro se, has filed two Motions seeking to enjoin a foreclosure proceeding in Connecticut Superior Court. Rhodes indicates that the state court has granted a motion for foreclosure against Rhodes' home and that, barring an injunction, title will pass on October 17, 2011. See Emergency Motion (Doc. No. 102) at 1. Rhodes requests "an immediate Injunction to stop, cease and desist against the collection of that debt until the pending issues surrounding that debt can be resolved in the U.S. District Court." Id. at 2. In response to the defendants' Opposition, Rhodes filed a Motion to Set Aside Judgment, in which she asks the court to overlook any formal or technical problems in the Emergency Motion and "issue a ruling that would halt the loss until a determination can be made in the U.S. District Court based on the merits of my complaint." Mot. to Set Aside (Doc. No. 109) at 1. Thus, Rhodes seeks an order preventing further proceedings in the state court action and preventing enforcement of any order or judgment that has already issued.

Rhodes claims that she did not realize she could argue the motion in state court until it was too late. See Em. Mot. at 1-2. Rhodes contends that the state court would

1

not have granted the motion for foreclosure if it had been aware of the allegations in this action and the supporting evidence.  See Mot. to Set Aside at 2.  Whether or not Rhodes is correct, the Anti-Injunction Act bars relief in the form of an order issued by this court.  She must raise her defenses to foreclosure in the state court and may not obtain relief from the state court proceedings in this action.

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  It does not matter whether the requested injunction would stay ongoing proceedings or prevent the parties from enforcing an order that has already issued.  See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 287 (1970) ("[T]he prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding.").  Unless one of the enumerated exceptions applies, the court may not enjoin the state court foreclosure action.  See Atlantic Coast Line, 398 U.S. at 286 ("[A]ny injunction . . . must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld."); Ungar v. Mandell, 471 F.2d 1163, 1165 (2d Cir. 1972) (holding that the Anti-Injunction Act did not permit injunction of state court foreclosure proceeding); Chekroun v. U.S. Small Bus. Assoc., 3:97-cv-2625 (AWT), 1998 WL 231158, *3 (D. Conn. May 4, 1998) (holding that under the Anti-Injunction Act, "the Court has no . . . discretion" to enjoin a state court foreclosure action).

None of the exceptions apply here.  The federal statutes under which Rhodes brings this action do not authorize an injunction.  See Hoai v. Superior Court of District

2

of Columbia, 539 F. Supp. 2d 432, 434 n.4 (D.D.C. 2008) ("Section 1981 claims, however, do not fall within any exception to the Anti-Injunction Act."); Sierra v. City of New York, 528 F. Supp. 2d 465, 468 (S.D.N.Y. 2008) (holding that "the first exception to the Anti-Injunction Act is . . . inapplicable" in Fair Housing Act suits); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 298-99 (E.D.N.Y. 2005) (holding that the Fair Debt Collection Practices Act does not provide for injunctive relief). The parties have not identified any other relevant federal statute. Therefore, the first exception does not apply.

The second exception is narrowly construed to apply "in only two circumstances: (1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an in rem action involving a res over which the district court has been exercising jurisdiction in an in rem action." See Estate of Brennan v. Church of Scientology Flag Service Org., --- F.3d ---, 2011 WL 2638532, *4-5 (11th Cir. 2011). This case was not removed from state court, and this court is not exercising jurisdiction over any property. Instead, this action concerns claims that the plaintiff is entitled to money damages due to a violation of her personal rights. See Amended Complaint (Doc. No. 77). The foreclosure action does not affect the court's ability to adjudicate those claims. Therefore, the second exception does not apply.

The third exception "authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." Smith v. Bayer, --- U.S. ---, 131 S. Ct. 2368, 2375 (2011) (quotation omitted). The exception is "strict and narrow." Id. "[T]he issue the federal court decided must be the same as the

one presented in the state tribunal." Id. at 2376. This court has not yet issued any judgment or substantive relief on plaintiff's claims. Therefore, the state court foreclosure action does not involve relitigation of any issue previously decided in this case. Thus, the third exception to the Anti-Injunction Act does not apply.

Because none of the Anti-Injunction Act exceptions apply, the court may not issue an injunction against further proceedings in the state court action or against enforcement of any order issued in that proceeding. Therefore, Rhodes' Motions (Docs. No. 102 and 109) are **denied**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 26th day of July, 2011.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge