UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVA M. RHODES                    :
                                 :
                                 :
v.                               :   CIV. NO. 3:10CV826 (JCH)
                                 :
ADVANCE PROPERTY MANAGEMENT,     :
INC., and CHURCHILL BRIDGE       :
ASSOCIATION #1, INC.             :
                                 :

RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendants move for the entry of a protective order, challenging the service of production requests for the first time on Eric Schaefer in connection with his continued deposition on August 18, 2011. Oral argument was held on August 12.

Standard of Review

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." In re Priceline.com Inc. Securities Litigation, 233 F.R.D. 83, 85 (D. Conn. 2005) (quoting Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002)).

Requests for Production:

Requests for Production No. 1 & 2

These requests for production seek copies of foreclosure notices and all of the withdrawn foreclosure actions that have been filed against plaintiff. Defendants state that they have

either provided this information or they do not possess the requested documents.

Defendants will provide a list of the foreclosure actions and provide copies of any withdrawn foreclosure actions. If the documents have already been provided, defendants will list them by Bates numbers.

Defendants will produce responsive documents at Mr. Schaefer's continued deposition on August 18. If there are no responsive documents, after a good faith effort to locate them, defendants will so state under oath and withdraw their objections.

Requests for Production Nos. 3 & 4:

These requests for production seek copies of all correspondence requesting payoffs to Wells Fargo Bank and/or American Home Mortgage Servicing, Inc. and copies of all accounting ledgers listing payoffs received on behalf of plaintiff. Plaintiff represents that defendants' agreement to provide a stipulation in lieu of testimony by bank witnesses will resolve these requests.

Stipulation

Defendants Advanced Property Management and Churchill Bridge Association will provide plaintiff with a proposed stipulation that lists the checks received from Wells Fargo, with the date and amount of each check, and identify for which months the money

was applied to plaintiff's outstanding condominium fees. Defendants were ordered to provide the stipulation by Friday August 12, 2011. See Doc. #116. At oral argument on August 12, 2011, defendants indicated that they needed more time and had not started to work on the stipulation. Defendants' oral motion for extension of time is **GRANTED** to Friday, August 26, 2011. If defendants are unable to comply with this deadline they must make an application in advance of August 26, 2011. Any extension will only be granted for good cause shown.

Requests for Production Nos. 5, 6, 7 & 8:

These requests for production seek any minutes of the Board of Director meetings for Churchill Bridge Assoc. Inc. and Advanced Property management that reference the February sewage loss at Churchill Bridge. During oral argument, plaintiff stated that she has copies of the minutes for Churchill Bridge Assoc. through 2010. Plaintiff also seeks any records generated from other meetings that have not already been produced to plaintiff that reference the February 2009 sewage loss.

At oral argument, defendants' counsel stated they have disclosed all the minutes for the defendants' Board of Directors' meetings. Defendants will inquire if there are any other undisclosed meetings where the February 2009 sewage loss was discussed and recorded in the minutes. Plaintiff may ask Eric Schaefer at his continued deposition if there are other documents

3

responsive to these requests for production.

Defendants will produce responsive documents for Mr. Schaefer's deposition on August 18. If the documents have already been provided, defendants will list them by Bates numbers. If there are no responsive documents, after a good faith effort to locate them, defendants will so state under oath and withdraw their objection.

<u>Requests for Production Nos. 9 10 & 11</u>:

These requests for production seek email correspondence regarding plaintiff, Catherine Schnifnadel and Gustave and Rose Meligonis, between Advanced Property Management, Inc., and Churchill Bridge Association, Inc.

At oral argument, plaintiff agreed to limit the time frame and subject matter for these requests to the period 2009 through the present, regarding the February 12, 2009 sewage loss only.

Defendants will produce responsive documents at Mr. Schaefer's continued deposition on August 18. If the documents have already been provided, defendants will list them by Bates numbers. If there are no responsive documents, after a good faith effort to locate them, defendants will so state under oath and withdraw their objections.

<u>Requests for Production Nos. 12, 13, 14 & 15</u>:

These requests for production seek accounting ledgers from Advance Property Management and Churchill Bridge Association,

4

Inc., referencing payments to plaintiff, Catherine Schifnadel, Gustave Meligonis and Rose Meligonis regarding the February 12, 2009 sewage loss, and any back-up documents referenced in the ledgers entries.

Defendants will produce responsive documents at Mr. Schaefer's continued deposition on August 18, 2011. If the documents have already been provided, defendants will list them by Bates numbers. If there are no responsive documents, after a good faith effort to locate them, defendants will so state under oath and withdraw their objections.

Request for Production No. 16:

This request for production seeks documents regarding any and all sewage situations at Churchill Bridge and/or Advanced Property management, Churchill Bridge Association Inc., Middle Oak Insurance Company pertaining to the sewage losses of plaintiff, Catherine Schifnadel, Gustave Meglinois and Rose Meglionis. At oral argument, plaintiff clarified that she was seeking any reports regarding the February 12, 2009 sewage loss in defendants' possession, whether or not provided to Middle Oak Insurance Company. Plaintiff agreed to ask Eric Schaefer what, if any, reports were prepared for defendants regarding the cause of the February 12, 2009 sewage loss.

Plaintiff's Medical Authorizations

Plaintiff agreed to provide defendants with medical authorizations for treatment records from her mental health providers. Plaintiff will mail the updated authorizations by Monday, August 15, 2011.

CONCLUSION

For the foregoing reasons, defendant's Motion for Protective Order **[Doc. #117]** is **GRANTED** in accordance with this ruling and order. Plaintiff may review her requests for production, as modified, with the witness at the deposition. The parties agree that the continued deposition will not exceed four hours.

The parties are reminded of their on-going duty to supplement or correct disclosures or responses under Fed. R. Civ. P. 26(e).[1]

---

[1] Fed. R. Civ. P 25(e) Supplementing Disclosures and Responses.

(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

The parties are directed to contact the Court if there is any delay in complying with these deadlines.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

Entered at Bridgeport this 12th day of August 2011.

/s/ Holly B. Fitzsimmons, USMJ
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE